UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CRAIG SMITH, DAWN CASALE, EDGAR
MENDOZA, ISHITA AHMED, JASON
SAKOWSKI, JENNIFER COLLINS,
JENNIFER DIGIROLAMO, JENNIFER
EHLERS, JENSINE MAY DELA CRUZ,
JESSICA SCHOENER, JOHN MORRIS,
JOHN NANTES, JOSEPH ORENGO,
KALEIGH HORDOF, KARTIK KOLLURI,
KATE MCHALE, KELLY FITZGERALD,
KEVIN LAUTURNER, LARRY KIKUCHI,
LAUREN PACINI, LISA WILEY, LORAWN
DUPREE, MARIA BARRAZA, MARK
JACOBSON, MARK METZINGER,
MELISSA DINAPOLI, MELISSA
LIBRANDI, MELISSA MUNZ, NICOLE
CHMIELEWSKI, NICOLE QUINLAN,
NICOLE SCHROEDER, NIENU ROY,
PAMELA WYMAN, PER STERNER,
POLINA LEWKOWICZ, RYAN PUTMAN,
SABEEN AFZAL, SAMANTHA ACEVEDO,
SHARON KEITH, SONIA GARZA,
TANIJUA MALCOLM-SARGEANT,
TRAVIS OLSON, VERONICA BECKETT,
VERONICA PALMISANO, VINCENT
CLEARY, WALTER LINSLEY, YESENIA
FITZSIMMONS, ALEXANDRA
CAPPELLO, ALEXIA MILONE, ALISA
STEWART, ALYSSA LONGO, ANDREW
WARREN, ANGELA VAN DRUTEN,
ASHLEY MONTES, ASHLEY RUPPEL,
BRENNA PHELAN, CANDACE PICZON,
CARMELLA ROMANIA, CHARLES
ROMERO, CHELSEA FLECKER,
COLLEEN CELMER, CORY MONGNO,
and CORTNIE TANGO, on behalf of
themselves and all others similarly situated,

Plaintiffs,

v.

ROBERT FREDERICK HULL, BARRY

**Civ. Action No.:** 2:25-cv-01099 (SDW)(JRA)

**AMENDED CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

STUART LITWIN, NEAL GOLDMAN,
PATRICK BARTELS, IAN HELLER,
KAREN MCGOWAN, DANIEL
LAMADRID, ETHAN ISAAC, JOHN
CAPELA, MARC EDWARD EHLE, JOHN
DOES 1-10, and MARY JONES 1-10,

Defendants.

Plaintiffs Craig Smith, Dawn Casale, Edgar Mendoza, Ishita Ahmed, Jason Sakowski,

Jennifer Collins, Jennifer Digirolamo, Jennifer Ehlers, Jensine May Dela Cruz, Jessica Schoener,

John Morris, John Nantes, Joseph Orengo, Kaleigh Hordof, Kartik Kolluri, Kate Mchale, Kelly

Fitzgerald, Kevin Lauturner, Larry Kikuchi, Lauren Pacini, Lisa Wiley, Lorawn Dupree, Maria

Barraza, Mark Jacobson, Mark Metzinger, Melissa DiNapoli, Melissa Librandi, Melissa Munz,

Nicole Chmielewski, Nicole Quinlan, Nicole Schroeder, Nienu Roy, Pamela Wyman, Per

Sterner, Polina Lewkowicz, Ryan Putman, Sabeen Afzal, Samantha Acevedo, Sharon Keith,

Sonia Garza, Tanijua Malcolm-Sargeant, Travis Olson, Veronica Beckett, Veronica Palmisano,

Vincent Cleary, Walter Linsley, Yesenia Fitzsimmons, Alexandra Cappello, Alexia Milone,

Alisa Stewart, Alyssa Longo, Andrew Warren, Angela Van Druten, Ashley Montes, Ashley

Ruppel, Brenna Phelan, Candace Piczon, Carmella Romania, Charles Romero, Chelsea Flecker,

Colleen Celmer, Cory Mongno, and Cortnie Tango, ("Plaintiffs"), individually and on behalf of

all others similarly situated, upon personal knowledge as to themselves, and upon information

and belief as to all other matters, allege as follows:

**NATURE OF THE ACTION**

1.      Plaintiffs bring this action pursuant the New Jersey Millville Dallas Airmotive

Plant Job Loss Notification Act, N.J.S.A. 34:21-1 *et seq.*, as amended, ("NJ WARN Act") on

behalf of themselves individually and on behalf of all similarly situated individuals who were

2

employed by Party City and assigned to its headquarters located at 100 Tice Boulevard (a/k/a 1 Celebration Square), Woodcliff Lake, New Jersey 07677 and whom Defendants laid off as part of a mass layoff or plant closing—on or about December 20, 2024—without the notice and severance payments required by the NJ WARN ACT (the "Putative Class").

2.    Party City consists of Party City Holdco, Inc.("PC Holdco") and its wholly owned subsidiaries, which include Amscan, Inc. ("Amscan"), Party City Corporation ("PC Corp."), Party City Holdings Inc. ("PC Holdings"), Am-Source, LLC, PC Intermediate Holdings, Inc., and Trisar, Inc.  Together these entities operate as a single integrated enterprise with integrated business goals and management (collect.

3.    In PC Holdco's most recent Form 10-K filing for itself and its wholly owned subsidiaries, it states that it "is a leading party goods company by revenue in North America and, we believe, the largest vertically integrated supplier of decorated party goods globally by revenue."

4.    Plaintiffs and the Putative Class Members were employed by Party City and assigned to their Woodcliff Lake, New Jersey headquarters to which they reported to, and from which they received assignments.  Most of the Plaintiffs and Putative Class Members worked in-person in Woodcliff Lake and a few of the Plaintiffs and Putative Class Members remoted into the Woodcliff Lake headquarters.

5.    Although Defendants knew that they intended to lay off approximately 400 employees who were assigned to their Woodcliff Lake headquarters on December 20, 2024, they failed to give Plaintiffs and the Putative Class Members ninety days notice of the mass layoff/termination of operations as required by the NJ WARN Act.  Furthermore, Defendants

3

failed to pay Plaintiffs and the Putative Class Members any severance in violation of the NJ WARN Act.  (N.J.S.A. 34:21-2.)

6.    Plaintiffs seek severance of one week of pay for each year of employment and—because Defendants failed to provide the statutory ninety days notice—an additional four weeks as required by the NJ WARN Act, for themselves and Putative Class Members along with payment by the Defendants of Plaintiffs' attorneys' fees and costs.  Furthermore, pursuant to New Jersey's Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq*., Plaintiffs seek liquidated damages in the amount of 200 per cent of the unpaid severance to themselves and the members of the Putative Class.

## Jurisdiction and Venue

7.    The Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1332(d)(2) (The Class Action Fairness Act of 2005 ("CAFA")) because this is a class action with aggregate damages of more than $5,000,000.00 and there is diversity based on a member of the class of Plaintiffs being a citizen of a State that is different that the State of which one of the Defendants is a citizen.

8.    Furthermore, close to half of the Plaintiffs are citizens of States other than New Jersey, the State in which the largest number of Plaintiffs reside and only three of the eight Defendants are citizens of New Jersey.

9.    The aggregate value of Plaintiffs and the Putative Class Members' claims is over five million ($5,000,000.00).

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## THE PARTIES

***Plaintiffs***

11.     Plaintiff Craig Smith ("Smith") is an individual residing in the County of Morris in the State of New Jersey.  Defendants employed Plaintiff Smith as a Senior Manager Store Systems Execution, at Party City's Headquarters in Woodcliff Lake, New Jersey.

12.     Defendants employed Plaintiff Smith from June 8, 2018, until they terminated Plaintiff Smith's employment on December 20, 2024, as part of a mass layoff or termination of operations.

13.     Defendants did not provide Plaintiff Smith with any advance notice of the termination and did not pay Plaintiff Smith any severance or compensation in lieu of notice.

14.     Plaintiff Dawn Casale ("Casale") is an individual residing in the County of Essex in the State of New Jersey.  Defendants employed Plaintiff Casale as a Manager, Talent Acquisition, assigned to Party City's headquarters in Woodcliff Lake, New Jersey.  Plaintiff Casale worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

15.     Defendants employed Plaintiff Casale from January 31, 2022, until they terminated Plaintiff Casale's employment on December 20, 2024, as part of a mass layoff or termination of operations.

16.     Defendants did not provide Plaintiff Casale with any advance notice of the termination and did not pay Plaintiff Casale any severance or compensation in lieu of notice.

17.     Plaintiff Edgar Mendoza ("Mendoza") is an individual residing in the County of Union in the State of New Jersey.  Defendants employed Plaintiff Mendoza as a Senior Counsel at Party City's Headquarters in Woodcliff Lake, New Jersey.

18.     Defendants employed Plaintiff Mendoza from July 10, 2023, until they terminated Plaintiff Mendoza's employment on December 20, 2024, as part of a mass layoff or termination of operations.

19.     Defendants did not provide Plaintiff Mendoza with any advance notice of the termination and did not pay Plaintiff Mendoza any severance or compensation in lieu of notice.

20.     Plaintiff Ishita Ahmed ("Ahmed") is an individual residing in the State of North Carolina.  Defendants employed Plaintiff Ahmed as a VP, Head of Customer Strategy assigned to Party City's headquarters in Woodcliff Lake, New Jersey.  Plaintiff Ahmed worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

21.     Defendants employed Plaintiff Ahmed from June 10, 2024, until they terminated Plaintiff Ahmed's employment on December 20, 2024, as part of a mass layoff or termination of operations.

22.     Defendants did not provide Plaintiff Ahmed with any advance notice of the termination and did not pay Plaintiff Ahmed any severance or compensation in lieu of notice.

23.     Plaintiff Jason Sakowski ("Sakowski") is an individual residing in the County of Union in the State of New Jersey.  Defendants employed Plaintiff Sakowski as a Learning Experience Designer at Party City's Headquarters in Woodcliff Lake, New Jersey.

24.     Defendants employed Plaintiff Sakowski from February 3, 2020, until they terminated Plaintiff Sakowski's employment on December 20, 2024, as part of a mass layoff or termination of operations.

25.     Defendants did not provide Plaintiff Sakowski with any advance notice of the termination and did not pay Plaintiff Sakowski any severance or compensation in lieu of notice.

6

26.     Plaintiff Jennifer Collins ("Collins") is an individual residing in the State of New York. Defendants employed Plaintiff Collins as an Analyst, HR Solution Services, at Party City's Headquarters in Woodcliff Lake, New Jersey.

27.     Defendants employed Plaintiff Collins from August 5, 2021, until they terminated Plaintiff Collins's employment on December 20, 2024, as part of a mass layoff or termination of operations.

28.     Defendants did not provide Plaintiff Collins with any advance notice of the termination and did not pay Plaintiff Collins any severance or compensation in lieu of notice.

29.     Plaintiff Jennifer DiGirolamo ("DiGirolamo") is an individual residing in the State of New York. Defendants employed Plaintiff DiGirolamo as a Product Operations Manager at Party City's Headquarters in Woodcliff Lake, New Jersey.

30.     Defendants employed Plaintiff DiGirolamo from August 10, 2015, until they terminated Plaintiff DiGirolamo's employment on December 20, 2024, as part of a mass layoff or termination of operations.

31.     Defendants did not provide Plaintiff DiGirolamo with any advance notice of the termination and did not pay Plaintiff DiGirolamo any severance or compensation in lieu of notice.

32.     Plaintiff Jennifer Ehlers ("Ehlers") is an individual residing in the State of Connecticut. Defendants employed Plaintiff Ehlers as a Manager, PR & Influencer Marketing at Party City's Headquarters in Woodcliff Lake, New Jersey.

33.     Defendants employed Plaintiff Ehlers from March 25, 2024, until they terminated Plaintiff Ehlers's employment on December 20, 2024, as part of a mass layoff or termination of operations.

7

34.     Defendants did not provide Plaintiff Ehlers with any advance notice of the termination and did not pay Plaintiff Ehlers any severance or compensation in lieu of notice.

35.     Plaintiff Jensine May Dela Cruz ("Dela Cruz") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Dela Cruz as a Manager, PR & Influencer Marketing at Party City's Headquarters in Woodcliff Lake, New Jersey.

36.     Defendants employed Plaintiff Dela Cruz from May 23, 2022, until they terminated Plaintiff Dela Cruz's employment on December 20, 2024, as part of a mass layoff or termination of operations.

37.     Defendants did not provide Plaintiff Dela Cruz with any advance notice of the termination and did not pay Plaintiff Dela Cruz any severance or compensation in lieu of notice.

38.     Plaintiff Jessica Schoener ("Schoener") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Schoener as a Licensing Coordinator at Party City's Headquarters in Woodcliff Lake, New Jersey.

39.     Defendants employed Plaintiff Schoener from December 2, 2022, until they terminated Plaintiff Schoener's employment on December 20, 2024, as part of a mass layoff or termination of operations.

40.     Defendants did not provide Plaintiff Schoener with any advance notice of the termination and did not pay Plaintiff Schoener any severance or compensation in lieu of notice.

41.     Plaintiff John Morris ("Morris") is an individual residing in the State of New York.  Defendants employed Plaintiff Morris as an Inventory Planner at Party City's Headquarters in Woodcliff Lake, New Jersey.

42. Defendants employed Plaintiff Morris from February 28, 2022, until they terminated Plaintiff Morris's employment on December 20, 2024, as part of a mass layoff or termination of operations.

43. Defendants did not provide Plaintiff Morris with any advance notice of the termination and did not pay Plaintiff Morris any severance or compensation in lieu of notice.

44. Plaintiff John Nantes ("Nantes") is an individual residing in the State of New York. Defendants employed Plaintiff Nantes as a Photographer at Party City's Headquarters in Woodcliff Lake, New Jersey.

45. Defendants employed Plaintiff Nantes from July 1, 2013, until they terminated Plaintiff Nantes's employment on December 20, 2024, as part of a mass layoff or termination of operations.

46. Defendants did not provide Plaintiff Nantes with any advance notice of the termination and did not pay Plaintiff Nantes any severance or compensation in lieu of notice.

47. Plaintiff Joseph Orengo ("Orengo") is an individual residing in the State of California. Defendants employed Plaintiff Orengo as a Manager, Talent Acquisition, assigned to Party City's headquarters in Woodcliff Lake, New Jersey. Plaintiff Orengo worked remotely and reported to, and received assignments from, Defendants' Woodcliff Lake Headquarters.

48. Defendants employed Plaintiff Orengo from February 3, 2019, until they terminated Plaintiff Orengo's employment on December 20, 2024, as part of a mass layoff or termination of operations.

49. Defendants did not provide Plaintiff Orengo with any advance notice of the termination and did not pay Plaintiff Orengo any severance or compensation in lieu of notice.

9

50.     Plaintiff Kaleigh Hordof ("Hordof") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Hordof as an Associate Category Manager at Party City's Headquarters in Woodcliff Lake, New Jersey.

51.     Defendants employed Plaintiff Hordof from March 18, 2002, until they terminated Plaintiff Hordof's employment on December 20, 2024, as part of a mass layoff or termination of operations.

52.     Defendants did not provide Plaintiff Hordof with any advance notice of the termination and did not pay Plaintiff Hordof any severance or compensation in lieu of notice.

53.     Plaintiff Kartik Kolluri ("Kolluri") is an individual residing in the County of Essex in the State of New Jersey.  Defendants employed Plaintiff Kolluri as a Director, Wholesale FP&A, at Party City's Headquarters in Woodcliff Lake, New Jersey.

54.     Defendants employed Plaintiff Kolluri from June 20, 2023, until they terminated Plaintiff Kolluri's employment on December 20, 2024, as part of a mass layoff or termination of operations.

55.     Defendants did not provide Plaintiff Kolluri with any advance notice of the termination and did not pay Plaintiff Kolluri any severance or compensation in lieu of notice.

56.     Plaintiff Kate McHale ("McHale") is an individual residing in the State of New York.  Defendants employed Plaintiff McHale as a Merchandise Planner assigned to Party City's Headquarters in Woodcliff Lake, New Jersey.

57.     Defendants employed Plaintiff McHale from June of 2021, until they terminated Plaintiff McHale's employment on December 20, 2024, as part of a mass layoff or termination of operations.

10

58. Defendants did not provide Plaintiff McHale with any advance notice of the termination and did not pay Plaintiff McHale any severance or compensation in lieu of notice.

59. Plaintiff Kelly Fitzgerald ("Fitzgerald") is an individual residing in the County of Bergen in the State of New Jersey. Defendants employed Plaintiff Fitzgerald as a Sr. Manager, Internal Communications & Engagement at Party City's Headquarters in Woodcliff Lake, New Jersey.

60. Defendants employed Plaintiff Fitzgerald from January 29, 2024, until they terminated Plaintiff Fitzgerald's employment on December 20, 2024, as part of a mass layoff or termination of operations.

61. Defendants did not provide Plaintiff Fitzgerald with any advance notice of the termination and did not pay Plaintiff Fitzgerald any severance or compensation in lieu of notice.

62. Plaintiff Kevin Lauturner ("Lauturner") is an individual residing in the County of Bergen in the State of New Jersey. Defendants employed Plaintiff Lauturner as a Sr. Mgr, Product Quality & Compliance at Party City's Headquarters in Woodcliff Lake, New Jersey.

63. Defendants employed Plaintiff Lauturner from October 21, 2013, until they terminated Plaintiff Lauturner's employment on December 20, 2024, as part of a mass layoff or termination of operations.

64. Defendants did not provide Plaintiff Lauturner with any advance notice of the termination and did not pay Plaintiff Lauturner any severance or compensation in lieu of notice.

65. Plaintiff Larry Kikuchi ("Kikuchi") is an individual residing in the State of California. Defendants employed Plaintiff Kikuchi as a Store Presentation Manager assigned to Party City's headquarters in Woodcliff Lake, New Jersey. Plaintiff Kikuchi worked remotely and reported to, and received assignments from, Defendants' Woodcliff Lake Headquarters.

11

66.     Defendants employed Plaintiff Kikuchi from July 1, 2014, until they terminated Plaintiff Kikuchi's employment on April 3, 2003, as part of a mass layoff or termination of operations.

67.     Defendants did not provide Plaintiff Kikuchi with any advance notice of the termination and did not pay Plaintiff Kikuchi any severance or compensation in lieu of notice.

68.     Plaintiff Lauren Pacini ("Pacini") is an individual residing in the State of California.  Defendants employed Plaintiff Pacini as an On-site Search Specialist assigned to Party City's headquarters in Woodcliff Lake, New Jersey.  Plaintiff Pacini worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

69.     Defendants employed Plaintiff Pacini from December 15, 2014, until they terminated Plaintiff Pacini's employment on December 20, 2024, as part of a mass layoff or termination of operations.

70.     Defendants did not provide Plaintiff Pacini with any advance notice of the termination and did not pay Plaintiff Pacini any severance or compensation in lieu of notice.

71.     Plaintiff Lisa Wiley ("Wiley") is an individual residing in the State of Georgia. Defendants employed Plaintiff Wiley as a Graphics Procurement Analyst assigned to Party City's headquarters in Woodcliff Lake, New Jersey.  Plaintiff Wiley worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

72.     Defendants employed Plaintiff Wiley from July 31, 2018, until they terminated Plaintiff Wiley's employment on December 20, 2024, as part of a mass layoff or termination of operations.

12

73.     Defendants did not provide Plaintiff Wiley with any advance notice of the termination and did not pay Plaintiff Wiley any severance or compensation in lieu of notice.

74.     Plaintiff Lorawn Dupree ("Dupree") is an individual residing in the State of Pennsylvania.  Defendants employed Plaintiff Dupree as a Manager, HR, assigned to Party City's Headquarters in Woodcliff Lake, New Jersey.

75.     Defendants employed Plaintiff Dupree from September 11, 2017, until they terminated Plaintiff Dupree's employment on December 20, 2024, as part of a mass layoff or termination of operations.

76.     Defendants did not provide Plaintiff Dupree with any advance notice of the termination and did not pay Plaintiff Dupree any severance or compensation in lieu of notice.

77.     Plaintiff Maria Barraza ("Barraza") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Barraza as an Assistant Manager, Integrated Marketing, at Party City's Headquarters in Woodcliff Lake, New Jersey.

78.     Defendants employed Plaintiff Barraza from June 21, 2021, until they terminated Plaintiff Barraza's employment on December 20, 2024, as part of a mass layoff or termination of operations.

79.     Defendants did not provide Plaintiff Barraza with any advance notice of the termination and did not pay Plaintiff Barraza any severance or compensation in lieu of notice.

80.     Plaintiff Mark Metzinger ("Metzinger") is an individual residing in the County of Hudson in the State of New Jersey.  Defendants employed Plaintiff Metzinger as a Creative Director at Party City's Headquarters in Woodcliff Lake, New Jersey.

81. Defendants employed Plaintiff Metzinger from April 8, 2024, until they terminated Plaintiff Metzinger's employment on December 20, 2024, as part of a mass layoff or termination of operations.

82. Defendants did not provide Plaintiff Metzinger with any advance notice of the termination and did not pay Plaintiff Metzinger any severance or compensation in lieu of notice.

83. Plaintiff Melissa DiNapoli ("DiNapoli") is an individual residing in the County of Union in the State of New Jersey. Defendants employed Plaintiff DiNapoli as a Vice President of Marketing at Party City's Headquarters in Woodcliff Lake, New Jersey.

84. Defendants employed Plaintiff DiNapoli from October 23, 2023, until they terminated Plaintiff DiNapoli's employment on December 20, 2024, as part of a mass layoff or termination of operations.

85. Defendants did not provide Plaintiff DiNapoli with any advance notice of the termination and did not pay Plaintiff DiNapoli any severance or compensation in lieu of notice.

86. Plaintiff Mark Jacobson ("Jacobson") is an individual residing in the County of Hudson in the State of New Jersey. Defendants employed Plaintiff Jacobson as a Merchandise Planner at Party City's Headquarters in Woodcliff Lake, New Jersey.

87. Defendants employed Plaintiff Jacobson from May 22, 2023, until they terminated Plaintiff Jacobson's employment on December 20, 2024,, as part of a mass layoff or termination of operations.

88. Defendants did not provide Plaintiff Jacobson with any advance notice of the termination and did not pay Plaintiff Jacobson any severance or compensation in lieu of notice.

89.    Plaintiff Melissa Librandi, ("Librandi") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Librandi as a Director of Art Production at Party City's Headquarters in Woodcliff Lake, New Jersey.

90.    Defendants employed Plaintiff Librandi from September 28, 2009, until they terminated Plaintiff Librandi's employment on December 20, 2024, as part of a mass layoff or termination of operations.

91.    Defendants did not provide Plaintiff Librandi with any advance notice of the termination and did not pay Plaintiff Librandi any severance or compensation in lieu of notice.

92.    Plaintiff Melissa Munz ("Munz") is an individual residing in the State of Florida. Defendants employed Plaintiff Munz as a Store Presentation Manager assigned to Party City's headquarters in Woodcliff Lake, New Jersey.  Plaintiff Munz worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

93.    Defendants employed Plaintiff Munz from July 31, 2018, until they terminated Plaintiff Munz's employment on December 20, 2024, as part of a mass layoff or termination of operations.

94.    Defendants did not provide Plaintiff Munz with any advance notice of the termination and did not pay Plaintiff Munz any severance or compensation in lieu of notice.

95.    Plaintiff Nicole Chmielewski ("Chmielewski") is an individual residing in the State of New York.  Defendants employed Plaintiff Chmielewski as a Sr. Coordinator, Talent Acquisition, assigned to Party City's headquarters in Woodcliff Lake, New Jersey.  Plaintiff Chmielewski worked remotely and reported to, and received assignments from, Defendants' Woodcliff Lake Headquarters.

15

96. Defendants employed Plaintiff Chmielewski from January 30, 2023, until they terminated Plaintiff Chmielewski's employment on December 20, 2024, as part of a mass layoff or termination of operations.

97. Defendants did not provide Plaintiff Chmielewski with any advance notice of the termination and did not pay Plaintiff Chmielewski any severance or compensation in lieu of notice.

98. Plaintiff Nicole Quinlan, ("Quinlan") is an individual residing in the State of New York. Defendants employed Plaintiff Quinlan as a Manager, Solution Service and Policy Administration, at Party City's Headquarters in Woodcliff Lake, New Jersey.

99. Defendants employed Plaintiff Quinlan from October 30, 2006, until they terminated Plaintiff Quinlan's employment on December 20, 2024, as part of a mass layoff or termination of operations.

100. Defendants did not provide Plaintiff Quinlan with any advance notice of the termination and did not pay Plaintiff Quinlan any severance or compensation in lieu of notice.

101. Plaintiff Nicole Schroeder, ("Schroeder") is an individual residing in the State of New York. Defendants employed Plaintiff Schroeder as an Associate Category Manager at Party City's Headquarters in Woodcliff Lake, New Jersey.

102. Defendants employed Plaintiff Schroeder from April 26, 2021, until they terminated Plaintiff Schroeder's employment on December 20, 2024, as part of a mass layoff or termination of operations.

103. Defendants did not provide Plaintiff Schroeder with any advance notice of the termination and did not pay Plaintiff Schroeder any severance or compensation in lieu of notice.

104.    Plaintiff Nienu Roy ("Roy") is an individual residing in the State of Texas. Defendants employed Plaintiff Roy as a Manager, Digital Product, assigned to Party City's headquarters in Woodcliff Lake, New Jersey.  Plaintiff Roy worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

105.    Defendants employed Plaintiff Roy from April 25, 2022, until they terminated Plaintiff Roy's employment on December 20, 2024, as part of a mass layoff or termination of operations.

106.    Defendants did not provide Plaintiff Roy with any advance notice of the termination and did not pay Plaintiff Roy any severance or compensation in lieu of notice.

107.    Plaintiff Pamela Wyman ("Wyman") is an individual residing in the County of Morris in the State of New Jersey.  Defendants employed Plaintiff Wyman as a Senior Planner System/Process Resets/Senior Floor Planner at Party City's Headquarters in Woodcliff Lake, New Jersey.

108.    Defendants employed Plaintiff Wyman from June 17, 2002, until they terminated Plaintiff Wyman's employment on December 20, 2024, as part of a mass layoff or termination of operations.

109.    Defendants did not provide Plaintiff Wyman with any advance notice of the termination and did not pay Plaintiff Wyman any severance or compensation in lieu of notice.

110.    Plaintiff Per Sterner ("Sterner") is an individual residing in the State of New York.  Defendants employed Plaintiff Sterner as a Senior Director of Business Systems at Party City's Headquarters in Woodcliff Lake, New Jersey.

111.    Defendants employed Plaintiff Sterner from February 13, 2013, until they terminated Plaintiff Sterner's employment on December 20, 2024, as part of a mass layoff or termination of operations.

112.    Defendants did not provide Plaintiff Sterner with any advance notice of the termination and did not pay Plaintiff Sterner any severance or compensation in lieu of notice.

113.    Plaintiff Polina Lewkowicz ("Lewkowicz") is an individual residing in the State of Georgia.  Defendants employed Plaintiff Lewkowicz as a Manager, Customer Strategy, assigned to Party City's headquarters in Woodcliff Lake, New Jersey.  Plaintiff Lewkowicz worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

114.    Defendants employed Plaintiff Lewkowicz from July 26, 2021, until they terminated Plaintiff Lewkowicz's employment on December 20, 2024, as part of a mass layoff or termination of operations.

115.    Defendants did not provide Plaintiff Lewkowicz with any advance notice of the termination and did not pay Plaintiff Lewkowicz any severance or compensation in lieu of notice.

116.    Plaintiff Ryan Putman ("Putman") is an individual residing in the State of Colorado.  Defendants employed Plaintiff Putman as a Site Merchandise Assistant assigned to Party City's headquarters in Woodcliff Lake, New Jersey.  Plaintiff Putman worked remotely and reported to, and received assignments from, Defendants' Woodcliff Lake Headquarters.

117.    Defendants employed Plaintiff Putman from December 5, 2021, until they terminated Plaintiff Putman's employment on December 20, 2024, as part of a mass layoff or termination of operations.

18

118.    Defendants did not provide Plaintiff Putman with any advance notice of the termination and did not pay Plaintiff Putman any severance or compensation in lieu of notice.u

119.    Plaintiff Sabeen Afzal ("Afzal") is an individual residing in the County of Union in the State of New Jersey.  Defendants employed Plaintiff Afzal as a Digital Product Owner at Party City's Headquarters in Woodcliff Lake, New Jersey.

120.    Defendants employed Plaintiff Afzal from February 1, 2022, until they terminated Plaintiff Afzal's employment on December 20, 2024, as part of a mass layoff or termination of operations.

121.    Defendants did not provide Plaintiff Afzal with any advance notice of the termination and did not pay Plaintiff Afzal any severance or compensation in lieu of notice.

122.    Plaintiff Samantha Acevedo ("Acevedo") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Acevedo as a Sr. Manager, Inventory Planning, at Party City's Headquarters in Woodcliff Lake, New Jersey.

123.    Defendants employed Plaintiff Acevedo from February 14, 2022, until they terminated Plaintiff Acevedo's employment on December 20, 2024, as part of a mass layoff or termination of operations.

124.    Defendants did not provide Plaintiff Acevedo with any advance notice of the termination and did not pay Plaintiff Acevedo any severance or compensation in lieu of notice.

125.    Plaintiff Sharon Keith ("Keith") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Keith as an Executive Assistant at Party City's Headquarters in Woodcliff Lake, New Jersey.

19

126.    Defendants employed Plaintiff Keith from July 31, 2023, until they terminated Plaintiff Keith's employment on December 20, 2024, as part of a mass layoff or termination of operations.

127.    Defendants did not provide Plaintiff Keith with any advance notice of the termination and did not pay Plaintiff Keith any severance or compensation in lieu of notice.

128.    Plaintiff Sonia Garza ("Garza") is an individual residing in the in the State of Idaho.  Defendants employed Plaintiff Garza as a Transportation Project Manager assigned to Party City's headquarters in Woodcliff Lake, New Jersey.  Plaintiff Garza worked remotely and reported to, and received assignments from, Defendants' Woodcliff Lake Headquarters.

129.    Defendants employed Plaintiff Garza from May 1, 2022, until they terminated Plaintiff Garza's employment on December 20, 2024, as part of a mass layoff or termination of operations.

130.    Defendants did not provide Plaintiff Garza with any advance notice of the termination and did not pay Plaintiff Garza any severance or compensation in lieu of notice.

131.    Plaintiff Tanijua Malcolm-Sargeant ("Malcolm-Sargeant") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Malcolm-Sargeant as a HR Analyst Solutions Services at Party City's Headquarters in Woodcliff Lake, New Jersey.

132.    Defendants employed Plaintiff Malcolm-Sargeant from August 14, 2023, until they terminated Plaintiff Malcolm-Sargeant's employment on December 20, 2024, as part of a mass layoff or termination of operations.

20

133.    Defendants did not provide Plaintiff Malcolm-Sargeant with any advance notice of the termination and did not pay Plaintiff Malcolm-Sargeant any severance or compensation in lieu of notice.

134.    Plaintiff Travis Olson ("Olson") is an individual residing in the State of Texas. Defendants employed Plaintiff Olson as a Store Presentation Manager assigned to Party City's headquarters in Woodcliff Lake, New Jersey.  Plaintiff Olson worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

135.    Defendants employed Plaintiff Olson from August 20, 2018, until they terminated Plaintiff Olson's employment on December 20, 2024, as part of a mass layoff or termination of operations.

136.    Defendants did not provide Plaintiff Olson with any advance notice of the termination and did not pay Plaintiff Olson any severance or compensation in lieu of notice.

137.    Plaintiff Veronica Beckett ("Beckett") is an individual residing in the County of Warren in the State of New Jersey.  Defendants employed Plaintiff Beckett as a Manager, Store Labor, Payroll and Planning, at Party City's Headquarters in Woodcliff Lake, New Jersey.

138.    Defendants employed Plaintiff Beckett from June 18, 2018, until they terminated Plaintiff Beckett's employment on December 20, 2024, as part of a mass layoff or termination of operations.

139.    Defendants did not provide Plaintiff Beckett with any advance notice of the termination and did not pay Plaintiff Beckett any severance or compensation in lieu of notice.

140.    Plaintiff Veronica Palmisano ("Palmisano") is an individual residing in the County of Sussex in the State of New Jersey.  Defendants employed Plaintiff Palmisano as a Lead Production Artist at Party City's Headquarters in Woodcliff Lake, New Jersey.

21

141.    Defendants employed Plaintiff Palmisano from June 28, 2012, until they terminated Plaintiff Palmisano's employment on December 20, 2024, as part of a mass layoff or termination of operations.

142.    Defendants did not provide Plaintiff Palmisano with any advance notice of the termination and did not pay Plaintiff Palmisano any severance or compensation in lieu of notice.

143.    Plaintiff Vincent Cleary ("Cleary") is an individual residing in the State of New York.  Defendants employed Plaintiff Cleary as a Programmer/Developer at Party City's Headquarters in Woodcliff Lake, New Jersey.

144.    Defendants employed Plaintiff Cleary from March 12, 2012, until they terminated Plaintiff Cleary's employment on December 20, 2024, as part of a mass layoff or termination of operations.

145.    Defendants did not provide Plaintiff Cleary with any advance notice of the termination and did not pay Plaintiff Cleary any severance or compensation in lieu of notice.

146.    Plaintiff Walter Linsley ("Linsley") is an individual residing in the State of Connecticut.  Defendants employed Plaintiff Linsley as an IT Project Manager at Party City's Headquarters in Woodcliff Lake, New Jersey.

147.    Defendants employed Plaintiff Linsley from February 15, 1995, until they terminated Plaintiff Linsley's employment on December 20, 2024, as part of a mass layoff or termination of operations.

148.    Defendants did not provide Plaintiff Linsley with any advance notice of the termination and did not pay Plaintiff Linsley any severance or compensation in lieu of notice.

149.    Plaintiff Yesenia Fitzsimmons ("Fitzsimmons") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Fitzsimmons as a Sr. Planning Manager at Party City's Headquarters in Woodcliff Lake, New Jersey.

150.    Defendants employed Plaintiff Fitzsimmons from May 6, 2019, until they terminated Plaintiff Fitzsimmons's employment on December 20, 2024, as part of a mass layoff or termination of operations.

151.    Defendants did not provide Plaintiff Fitzsimmons with any advance notice of the termination and did not pay Plaintiff Fitzsimmons any severance or compensation in lieu of notice.

152.    Plaintiff Alexandra Cappello ("Cappello") is an individual residing in the County of Hudson in the State of New Jersey.  Defendants employed Plaintiff Cappello as an E-commerce Merchandising Manager at Party City's Headquarters in Woodcliff Lake, New Jersey.

153.    Defendants employed Plaintiff Cappello from June 30, 2014, until they terminated Plaintiff Cappello's employment on December 20, 2024, as part of a mass layoff or termination of operations.

154.    Defendants did not provide Plaintiff Cappello with any advance notice of the termination and did not pay Plaintiff Cappello any severance or compensation in lieu of notice.

155.    Plaintiff Alexia Milone ("Milone") is an individual residing in the County of Morris in the State of New Jersey.  Defendants employed Plaintiff Milone as a Category Manager at Party City's Headquarters in Woodcliff Lake, New Jersey.

156.    Defendants employed Plaintiff Milone from September 21, 2021, until they terminated Plaintiff Milone's employment on December 20, 2024, as part of a mass layoff or termination of operations.

157.    Defendants did not provide Plaintiff Milone with any advance notice of the termination and did not pay Plaintiff Milone any severance or compensation in lieu of notice.

158.    Plaintiff Alisa Stewart ("Stewart") is an individual residing in the State of Florida. Defendants assigned Plaintiff Stewart to Party City's headquarters in Woodcliff Lake, New Jersey.  Plaintiff Stewart worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

159.    Defendants employed Plaintiff Stewart from February 1, 2021, until they terminated Plaintiff Stewart's employment on December 20, 2024, as part of a mass layoff or termination of operations.

160.    Defendants did not provide Plaintiff Stewart with any advance notice of the termination and did not pay Plaintiff Stewart any severance or compensation in lieu of notice.

161.    Plaintiff Alyssa Longo ("Longo") is an individual residing in the State of New York.  Defendants employed Plaintiff Longo as an Associate Category Manager at Party City's Headquarters in Woodcliff Lake, New Jersey.

162.    Defendants employed Plaintiff Longo from May 20, 2022, until they terminated Plaintiff Longo's employment on December 20, 2024, as part of a mass layoff or termination of operations.

163.    Defendants did not provide Plaintiff Longo with any advance notice of the termination and did not pay Plaintiff Longo any severance or compensation in lieu of notice.

164.    Plaintiff Andrew Warren ("Warren") is an individual residing in the State of New York.  Defendants employed Plaintiff Warren as a Lead Developer at Party City's Headquarters in Woodcliff Lake, New Jersey.

165. Defendants employed Plaintiff Warren from September 12, 2012, until they terminated Plaintiff Warren's employment on December 20, 2024, as part of a mass layoff or termination of operations.

166. Defendants did not provide Plaintiff Warren with any advance notice of the termination and did not pay Plaintiff Warren any severance or compensation in lieu of notice.

167. Plaintiff Angela Van Druten ("Van Druten") is an individual residing in the County of Morris in the State of New Jersey. Defendants employed Plaintiff Van Druten as an Associate Category Manager at Party City's Headquarters in Woodcliff Lake, New Jersey.

168. Defendants employed Plaintiff Van Druten from June 14, 2021, until they terminated Plaintiff Van Druten's employment on December 20, 2024, as part of a mass layoff or termination of operations.

169. Defendants did not provide Plaintiff Van Druten with any advance notice of the termination and did not pay Plaintiff Van Druten any severance or compensation in lieu of notice.

170. Plaintiff Ashley Montes ("Montes") is an individual residing in the County of Union in the State of New Jersey. Defendants employed Plaintiff Montes as an Associate Category Manager at Party City's Headquarters in Woodcliff Lake, New Jersey.

171. Defendants employed Plaintiff Montes from September 28, 2020, until they terminated Plaintiff Montes's employment on December 20, 2024, as part of a mass layoff or termination of operations.

172. Defendants did not provide Plaintiff Montes with any advance notice of the termination and did not pay Plaintiff Montes any severance or compensation in lieu of notice.

173.    Plaintiff Ashley Ruppel ("Ruppel") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Ruppel as a Category Manager at Party City's Headquarters in Woodcliff Lake, New Jersey.

174.    Defendants employed Plaintiff Ruppel from May 16, 2022, until they terminated Plaintiff Ruppel's employment on December 20, 2024, as part of a mass layoff or termination of operations.

175.    Defendants did not provide Plaintiff Ruppel with any advance notice of the termination and did not pay Plaintiff Ruppel any severance or compensation in lieu of notice.

176.    Plaintiff Brenna Phelan ("Phelan") is an individual residing in the State of New York.  Defendants employed Plaintiff Phelan as a Senior Director, Brand and Consumer Insights, assigned to Party City's Headquarters in Woodcliff Lake, New Jersey.

177.    Defendants employed Plaintiff Phelan from June of 2021, until they terminated Plaintiff Phelan's employment on December 20, 2024, as part of a mass layoff or termination of operations.

178.    Defendants did not provide Plaintiff Phelan with any advance notice of the termination and did not pay Plaintiff Phelan any severance or compensation in lieu of notice.

179.    Plaintiff Candace Piczon ("Piczon") is an individual residing in the State of Pennsylvania.  Defendants employed Plaintiff Piczon as an Inventory Planner, assigned to Party City's Headquarters in Woodcliff Lake, New Jersey.

180.    Defendants employed Plaintiff Piczon from April 22, 2024, until they terminated Plaintiff Piczon's employment on December 20, 2024, as part of a mass layoff or termination of operations.

26

181. Defendants did not provide Plaintiff Piczon with any advance notice of the termination and did not pay Plaintiff Piczon any severance or compensation in lieu of notice

182. Plaintiff Carmella Romania ("Romania") is an individual residing in the County of Passaic in the State of New Jersey. Defendants employed Plaintiff Romania as a Manager of Learning & Development, Field, at Party City's Headquarters in Woodcliff Lake, New Jersey.

183. Defendants employed Plaintiff Romania from July 12, 2010, until they terminated Plaintiff Romania's employment on December 20, 2024, as part of a mass layoff or termination of operations.

184. Defendants did not provide Plaintiff Romania with any advance notice of the termination and did not pay Plaintiff Romania any severance or compensation in lieu of notice.

185. Plaintiff Charles Romero ("Romero") is an individual residing in the County of Hudson in the State of New Jersey. Defendants employed Plaintiff Romero as a Director Project Management Omni/Delivery at Party City's Headquarters in Woodcliff Lake, New Jersey.

186. Defendants employed Plaintiff Romero from September 19, 2022, until they terminated Plaintiff Romero's employment on December 20, 2024, as part of a mass layoff or termination of operations.

187. Defendants did not provide Plaintiff Romero with any advance notice of the termination and did not pay Plaintiff Romero any severance or compensation in lieu of notice.

188. Plaintiff Chelsea Flecker ("Flecker") is an individual residing in the County of Bergen in the State of New Jersey. Defendants employed Plaintiff Flecker as an Associate Category Manager at Party City's Headquarters in Woodcliff Lake, New Jersey.

189.    Defendants employed Plaintiff Flecker from March 21, 2022, until they terminated Plaintiff Flecker's employment on December 20, 2024, as part of a mass layoff or termination of operations.

190.    Defendants did not provide Plaintiff Flecker with any advance notice of the termination and did not pay Plaintiff Flecker any severance or compensation in lieu of notice.

191.    Plaintiff Colleen Celmer ("Celmer") is an individual residing in the County of Passaic in the State of New Jersey.  Defendants employed Plaintiff Celmer as an Enterprise Engagement Content Designer at Party City's Headquarters in Woodcliff Lake, New Jersey.

192.    Defendants employed Plaintiff Celmer from January 31, 2011, until they terminated Plaintiff Celmer's employment on December 20, 2024, as part of a mass layoff or termination of operations.

193.    Defendants did not provide Plaintiff Celmer with any advance notice of the termination and did not pay Plaintiff Celmer any severance or compensation in lieu of notice.

194.    Plaintiff Cory Mongno ("Mongno") is an individual residing in the County of Passaic in the State of New Jersey.  Defendants employed Plaintiff Mongno as a Sr. Manager, Corporate Talent Acquisition at Party City's Headquarters in Woodcliff Lake, New Jersey.

195.    Defendants employed Plaintiff Mongno from March 13, 2023, until they terminated Plaintiff Mongno's employment on December 20, 2024, as part of a mass layoff or termination of operations.

196.    Defendants did not provide Plaintiff Mongno any advance notice of the termination and did not pay Plaintiff Mongno any severance or compensation in lieu of notice.

28

197.    Plaintiff Cortnie Tango ("Tango") is an individual residing in the County of Union in the State of New Jersey.  Defendants employed Plaintiff Tango as a Senior Graphic Designer at Party City's Headquarters in Woodcliff Lake, New Jersey.

198.    Defendants employed Plaintiff Tango from January 2008, until they terminated Plaintiff Tango's employment on December 20, 2024, as part of a mass layoff or termination of operations.

199.    Defendants did not provide Plaintiff Tango with any advance notice of the termination and did not pay Plaintiff Tango any severance or compensation in lieu of notice.

### *Defendants*

200.    Robert Frederick Hull ("Hull") is an individual who resides in the State of North Carolina.  At all times relevant to this action, Defendant Hull was the Chairman of the Board and a Director of Party City.

201.    Barry Stuart Litwin ("Litwin") is an individual who resides in the State of New York.  Defendant Litwan joined Party City in August of 2024 and at all times relevant to this action, Defendant Litwan was President and Chief Executive Officer of Party City.

202.    Neal Goldman ("Goldman") is an individual who is based in the Greenwich, Connecticut.  At all times relevant to this action Defendant Goldman was a member of the Board of Directors of Party City.

203.    Patrick Bartels ("Bartels") is an individual who is based in New York City, New York.  At all times relevant to this action Defendant Goldman was a member of the Board of Directors of Party City.

204.    Ian Heller ("Heller") is an individual who resides in the State of New York.  At all times relevant to this action, Defendant Heller was Senior Vice President and General Counsel at Party City.

205.    Karen McGowan ("McGowan") is an individual who resides in the State of Connecticut.  At all times relevant to this action, Defendant McGowan was the Chief Human Resources Officer at Party City.

206.    Daniel Lamadrid ("Lamadrid") is an individual who resides in the State of New Jersey.  At all times relevant to this action, Defendant Lamadrid was the Chief Financial Officer of Party City.

207.    Ethan Isaac is an individual who resides in the State of New Jersey.  At all times relevant to this action, Defendant Isaac was Assistant General Counsel, Litigation and Employment at Party City.

208.    John Capela is an individual who resides in the State of New Jersey.  At all times relevant to this action, Defendant Capela was the Chief Accounting Officer of Party City.

209.    Marc Edward Ehle is an individual who resides in the State of New Jersey.  At all times relevant to this action, Defendant Ehle was Executive Vice President, Enterprise Operations, at Party City.

210.    Defendants John Does 1-10 and Mary Jones 1-10 are individuals who were officers, executives, or Directors of Party City who "ma[de] the decision responsible for the employment action that [gave] rise to [the] mass layoff subject to notification" that forms the basis of Plaintiffs and the Putative Class Members' claims.

211.    On information and belief, Defendants Hull, Litwin, Goldman, Bartels, Heller, McGowan, Lamadrid, Isaac, Capela, Ehle, John Does 1-10 and Mary Jones 1-10 (collectively

"Defendants") were responsible for the decision to layoff Plaintiffs and the members of the Putative Class—a total of approximately 400 employees who were assigned to Party City's Woodcliff Headquarters—without the ninety days advance notice and severance pay required by the NJ WARN Act.

212.    On December 20, 2024, each Plaintiff and Putative Class Member received an identical letter via email, signed by Defendant McGowan and identifying Defendant Isaac as the person to contact with questions, notifying them that "Party City Holdings Inc. ("PCHI") has made the difficult decision to conduct a mass layoff at its Woodcliff Lake, New Jersey headquarters on December 20, 2024."

213.    The letter informed each Plaintiff and Putative Class Member that their job will be eliminated on December 20, 2024, the same date as the date on which the letter was emailed.

214.    On December 20, 2024, Defendants Litwan and McGowan also conducted a joint Zoom with Plaintiffs and the Putative Class Members in which they told them about the mass layoff.

215.    On April 10, 2023, major amendments that expanded the breadth of the NJ WARN Act became effective.

216.    Each of the Defendants is an "Employer" of Plaintiffs and the Putative Class as that term is defined in the amended NJ WARN Act.  (N.J.S.A. § 34:21-2(d) ("For purposes of this section, "employer" includes any individual, partnership, association, corporation, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, and includes any person who, directly or indirectly, owns and operates the nominal employer, or owns a corporate subsidiary that, directly or indirectly, owns and operates

31

the nominal employer or makes the decision responsible for the employment action that gives rise to a mass layoff subject to notification.")).

<u>**CLASS ACTION ALLEGATIONS RULE 23**</u>

217.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs bring their claims on behalf of themselves and a class consisting of all persons who were employed by Party City and worked at Party Woodcliff Lake headquarters, either in-person or remotely (reporting to and receiving assignments from Party City's Woodcliff Lake headquarters) and whose employment was terminated on or about December 20, 2024, without advance notice and without severance or compensation in lieu of notice (the "Putative Class").

218.    The members of the Putative Class are so numerous that joinder of all members is impracticable.

219.    Although the precise number of such employees is unknown—the facts on which the calculation of that number depends are presently within the sole control of Defendants—upon information and belief, the Putative Class contains approximately 400 individuals.

220.    Defendants have acted or have refused to act on grounds generally applicable to the Putative Class and each of the members of the Putative Class is entitled to the same relief.

221.    Common questions of law and fact exist as to the claims of the members of the Putative Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

- Whether Defendants conducted a mass layoff and/or termination of operations at their Woodcliff Lake headquarters on December 20, 2024 as those terms are defined in the NJ WARN Act;

- Whether Defendants were responsible for the decision that resulted in a mass layoff of Plaintiffs and the Putative Class Members;

- Whether Defendants knew in advance of terminating the employment of the members of the Putative Class that they would be conducting a mass layoff or termination of operations;

- Whether Defendants were employers of Plaintiffs and the members of the Putative Class as that term is defined in N.J.S.A. § 34:21-2(d);

- Whether Defendants provided the members of the Putative Class with the notice required by the NJ WARN Act, N.J.S.A. § 34:21-3;

- Whether Defendants provided Plaintiffs and the members of the Putative Class with the severance of one week of pay for each year of employment required by the NJ WARN Act, N.J.S.A. § 34:21-2(b);;

- Whether Defendants owe the members of the Putative Class severance of one week of pay for each year of employment;

- Whether Defendants owe the members of the Putative Class four weeks of pay because of their failure to provide the notice required by the NJ WARN Act;

222.    The claims of the Plaintiffs are typical of the claims of the Putative Class they seek to represent.  Plaintiffs and all of the Putative Class Members worked for Party City at City's Woodcliff Lake headquarters, either in-person or remotely (reporting to and receiving assignments from the Woodcliff Lake headquarters), and each of the Plaintiffs was terminated by Defendants as part of a mass layoff on December 20, 2024.

223.    Plaintiffs and the Putative Class Members enjoy the same statutory rights under the NJ WARN Act.  Plaintiffs and the Putative Class Members have all been injured by Defendants' violations of the NJ WARN Act.

224.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Putative Class.  Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Putative Class just as they would represent and consider their own interests.  Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the Putative Class.  Plaintiffs recognize that any resolution of a class action must be in the best interest of the Putative Class.  Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiffs and the Putative Class Members.

225.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Putative Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NJ WARN Act.  Although the relative damages suffered by individual Putative Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class litigation is superior because it will obviate the need for unduly duplicative claims.

226.    The members of the Putative Class are easily identifiable from records that Defendants are required to maintain.

34

227.    On information and belief, Defendants' have records of the addresses and other contact information needed to provide notice to all members of the Putative Class.

228.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23.

**CLAIM FOR RELIEF**
**Violation of the NJ WARN Act, N.J.S.A. 34:21-1 *et seq.*, as amended**

229.    Plaintiffs reallege and incorporate by reference all previous paragraphs as if set forth fully herein.

230.    Party City has operated facilities in New Jersey for more than three years.  On November 20, 2013, Party City registered their headquarters, which was then located in Rockaway, New Jersey, with the New Jersey Division of Commercial Recording.  This headquarters was subsequently transferred to Woodcliff Lake, New Jersey.

231.    At all relevant times, Defendants were each employers as that term is defined in the NJ WARN Act, N.J.S.A. § 34:21-2(d).

232.    Defendants conducted a mass layoff as defined by the NJ WARN Act, on or about December 20, 2024.

233.    Pursuant to the NJ WARN Act, Defendants were required to provide Plaintiffs and the Putative class with ninety days notice of a mass layoff.  In violation of the NJ WARN Act, Defendants did not notify Plaintiffs and Putative Class until the date on which they were laid off.

234.    On December 20, 2024, Defendants provided each Plaintiff and the members of the Putative Class a one page letter stating that "Party City Holdings Inc. ("PCHI") has made the difficult decision to conduct a mass layoff at its Woodcliff Lake, New Jersey headquarters on

December 20, 2024.  This mass layoff is expected to be permanent.  The expected date of the separation will be December 20, 2024."

235.   The letter went on to state that each individual's "position will be eliminated on December 20, 2024"—the same date on which each Plaintiff and members of the Putative Class received the letter.

236.   The letter that Plaintiffs and the Putative Class received on December 20, 2024—the date on which they were laid off—was the first notice of <u>any</u> kind that Defendants provided to Plaintiffs and the Putative Class of the mass layoff.

237.   Furthermore, the letter that Defendants provided to Plaintiffs and the Putative Class did not contain the information that the NJ WARN Act requires.  (N.J.S.A. § 34:21-3.)  For example, the notice did not include the number of employees whose employment was terminated or the reasons for the mass layoff.

238.   The employment of Plaintiffs and the Putative Class Members was terminated without cause on their part.

239.   Defendants laid off approximately 400 employees on December 20, 2024, representing more than thirty-three percent of its work force at Party City's Woodcliff Lake headquarters.

240.   Defendants knew in advance of December 20, 2024, that they would be conducting a mass layoff on that date.

241.   On December 10, 2024, Defendants informed Plaintiffs and the Putative Class that they would be working remotely "through the year end" and that they needed to let their ELT member know if they needed to be in the office on a specific date.  On information and belief, Defendants decided to keep Plaintiffs and Putative Class away from the office in

preparation for the mass layoff and to prevent the chaos that might have occurred if everyone was working in the office when the layoff occurred.

242.    In violation of the NJ WARN Act, Defendants failed to pay Plaintiffs and the Putative Class Members severance of one week of pay for each year of employment.

243.    In violation of the NJ WARN Act, despite failing to provide Plaintiffs and the Putative Class with advance notice of the mass layoff, Defendants failed to pay Plaintiffs and the Putative Class the four additional weeks of additional severance required by the NJ WARN Act.

244.    Because severance pay is wages, pursuant to the New Jersey Wage Payment Law, Plaintiffs and the Putative Class are owed 200 percent liquidated damages as a result of Defendant's failure to pay them the severance that they are owed.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for relief, individually and on behalf of the members of the Putative Class as follows:

(a) Certification of this proceeding as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b) Designation of Plaintiffs as Class Representatives and of their counsel as class counsel;

(c) An award of one week of severance for each year of employment plus four additional weeks of severance pursuant to the NJ WARN Act;

(d) An award of liquidated damages pursuant to the New Jersey Wage Payment Law equal to 200 percent of the severance pay in (d) above pursuant to the New Jersey Wage Payment Law N.J.S.A. 34:11-4.1, et seq.;

37

(e)  Pursuant to NJ WARN Act, costs and expenses of this action, together with

reasonable attorneys' fees;

(f)  Pre-Judgment and post-judgment interest, as provided by law; and

(g)  Such other and further relief as this Court deems just and proper.


DATED: June 24, 2025                  Respectfully submitted,

                                      __/s/ Julie Salwen_____
                                      **HARRISON, HARRISON & ASSOC., LTD**
                                      David Harrison, Esq.
                                      dharrison@nynjemploymentlaw.com
                                      Julie Salwen, Esq.
                                      jsalwen@nynjemploymentlaw.com
                                      110 State Highway 35, Suite 10
                                      Red Bank, NJ  07701
                                      Telephone: 888-239-4410